1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM HOUSTON,                        No. 2:18-cv-1271-KJM-EFB P

12                  Plaintiff,

13        v.                                 <u>ORDER</u>

14   BAKER,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18   42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has also filed an application

19   to proceed in forma pauperis (ECF Nos. 2, 5).

20                     <u>Application to Proceed In Forma Pauperis</u>

21          The court has reviewed plaintiff's application and finds that it makes the showing required

22   by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff's request to proceed in forma pauperis is

23   granted.  By separate order, the agency having custody of plaintiff will be directed to forward

24   payments from his account to the Clerk of Court each time the amount in the account exceeds

25   $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

26   /////

27   /////

28   /////

                                              1

I.     Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff alleges that, on December 1, 2017, he was being escorted to a "tv court room" by defendant Baker and other, unidentified correctional officers. ECF No. 1 at 3. Plaintiff was wearing shackles, leg irons, and a beanie cap. *Id.* Plaintiff sat at a table facing the television set-

up and was told by an officer to remove his beanie. *Id.* Plaintiff stated that he was unable to do so due to his shackles and, in any event, the hearing would only take a few seconds. *Id.* Plaintiff alleges that this response angered Baker, who slapped the back of plaintiff's head and "yanked" the beanie off in a "disrespectful manner." *Id.* He alleges that Baker's actions made his head "snap" and he immediately told Baker that he would be reporting him for excessive force. *Id.*

Defendant Baker then instructed plaintiff to get up. *Id.* Plaintiff reiterated his intent to report Baker for excessive force and stated that he was now "afraid" to be escorted by Baker. *Id.* Baker then allegedly grabbed plaintiff by his arm and shoulder, "snatched" him out of the chair, and dragged him across the floor to the room's exit. *Id.* Plaintiff states that he was injured in some unspecified way by Baker's actions. *Id.*

These claims, taken as true, are insufficient to state a viable Eighth Amendment excessive force claim. In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must demonstrate that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. The Eighth Amendment's bar on excessive force "necessarily excludes from constitutional recognition *de minimis* uses of physical force . . ." *Id.* at 9-10. The allegations at bar amount to nothing more than an inmate having a hat snatched from his head and being dragged from a room after he refused an officer's orders to get up. And plaintiff has failed to allege that either of Baker's actions resulted in any specific, discernable injury to his person. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").

<u>Leave to Amend</u>

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims against more than one defendant.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

/////

/////

4

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: October 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE