UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAKER,<br><br>　　　　　Defendant. | No. 2:18-cv-1271-KJM-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a request for "another magistrate judge to process [his] case," and asserts that the undersigned's rulings in this action demonstrate bias. ECF No. 25. The court construes the request as a motion for recusal.

Motions for recusal fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." Here, plaintiff does not identify any specific or legitimate grounds for recusal, and his motion must be denied. *See Liteky*

1

*v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source).

Accordingly, IT IS HEREBY ORDERED that plaintiff's April 5, 2019 request (ECF No. 25), construed as a motion for recusal, is denied.

Dated: May 16, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE