UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HOUSTON,

    Plaintiff,

v.

BAKER,

    Defendant.

No. 2:18-cv-1271-KJM-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to compel further responses to two of his requests for production of documents (ECF No. 40), which defendant opposes (ECF No. 42). For the reasons stated below, the motion is granted in part.

Defendant first argues that plaintiff failed to properly meet and confer before filing his motion. However, plaintiff is proceeding pro se as a state prisoner challenging his conditions of confinement. Such cases are routinely exempted from the meet and confer and joint statement requirements and all motion practice in this case is governed by Local Rule 230(l). *See* ECF No. 34 at 1. Accordingly, a failure to meet and confer does not provide a basis for denial of plaintiff's motion.

As for the substance of the motion, defendant argues that plaintiff has not demonstrated an entitlement to relief. Plaintiff's first request for production was for "every complaint that was

1

written against Defendant Baker for excessive force, racial bias, and discrimination." ECF No. 42 at 4. Defendant raised several objections, but ultimately responded as follows:

> As to "(a) every inmate appeal/grievance that was written against Defendant Baker for excessive force," Defendant produces responsive documents as **Exhibit A**.
>
> As to "(b) every complaint that was written against Defendant Baker for racial bias," after a diligent search and reasonable inquiry, Defendant is unable to comply with this request because no responsive documents are known to exist.
>
> As to "(c) every complaint written against Defendant Baker for discrimination," after a diligent search and reasonable inquiry, Defendant is unable to comply with this request because no responsive documents are known to exist.

ECF No. 42 at 5. It does not appear from defendant's response that any documents were withheld, and plaintiff fails to demonstrate that there is anything further for defendant to produce. Accordingly, plaintiff's motion to compel is denied as to this request.

Plaintiff also moves to compel a further response to his request for production no. 2, which requested, "every document and reports written regarding the incident of this lawsuit." ECF No. 42 at 5. For reference, the incident giving rise to this lawsuit stems from defendant's alleged use of excessive force against plaintiff on December 1, 2017. *See* ECF No. 15. Defendant again raised various objections, but also responded as follows:

> Defendant produces responsive documents as **Exhibits B, C and D**. A video interview of Plaintiff, taken on December 1, 2017, will be made available to Plaintiff for viewing and note taking through the litigation coordinator at Plaintiff's current correctional institution, High Desert State Prison. Additional responsive documents are referenced in the attached privilege log.

ECF No. 42 at 6. At issue in plaintiff's motion are several documents identified in defendant's privilege log. Those include (1) emails among CDCR staff dated December 21 and 22, 2017, regarding the incident; (2) a statement from M. Crosby regarding the incident; and (3) documents from an interview with eyewitness attorney Maegon Gannon.[1] ECF No. 40 at 2-3. Defendant contends that the official information privilege

---

[1] Plaintiff identified several other documents, including a report/chrono written by defendant regarding the incident on December 1, 2017 and a statement from R. O'Rilley

2

precludes production of these documents. Plaintiff argues he is entitled to unredacted copies of all documents. *Id.* at 3.

With respect to plaintiff's requests for the various email exchanges among CDCR staff regarding use of force complaints and the incident at issue, defendant argues that plaintiff has not shown why ne needs them or that the opinions contained therein would be admissible evidence at trial. However, the relevance of these emails to plaintiff's claim of excessive force is obvious from the document descriptions themselves and discovery is not limited to materials known to be admissible. The court is not persuaded that the official information privilege precludes production. Plaintiff's motion is granted as to these requests.[2]

As for plaintiff's request for the statement prepared by Sacramento Sheriff Deputy M. Crosby regarding the incident, defendant contends that "[p]laintiff is free to send written correspondence to Deputy Crosby requesting that he provide a written statement." The court construes this as an objection on the ground that the statement is equally available to plaintiff, which, as a pro se prisoner, is simply not the case. Plaintiff's motion is granted as to this request.

Plaintiff's final request is for documents from the interview with eyewitness attorney Maegon Gannon. Defendant states that a short summary of the interview with Maegan Gannon was prepared, but again demands that plaintiff request his own statement from her. This "equally available" objection is again overruled. Plaintiff's motion is granted as to this request.[3]

/////

---

regarding the incident. Defendant has since produced these documents to plaintiff, rendering plaintiff's motion for their production moot. *See* ECF No. 42 at 7-9.

[2] Per defendant's request, he may redact from these documents the email addresses of CDCR staff.

[3] Per defendant's request, he may redact the report except to show the title, the date, the appeal log number, plaintiff's identifying information, the author of the report, and the portion of the report relating to the statement by Maegan Gannon.

3

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 40) is granted in part as set forth above. Defendant shall supplement his responses as required herein within 14 days from the date of this order.

DATED: October 8, 2019.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE